**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NORMA ESPINA** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | **CIVIL ACTION NO. 5:21-cv-1176** |
| § | | |
| § | | |
| **CITY OF SAN ANTONIO** § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF NORMA ESPINA ("Plaintiff" or "Ms. Espina"), complaining of DEFENDANT CITY OF SAN ANTONIO ("Defendant" or "City") and files this Plaintiff's Original Complaint, asserting claims under Section 1981 and Title VII of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, Family Medical Leave Act ("FMLA"), and Chapter 21 of the Texas Labor Code and would show unto the court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff NORMA ESPINA is a natural person who resides in Bexar County in the State of Texas and is a former employee of Defendant. She worked for Defendant in San Antonio, Bexar County, Texas, until her wrongful termination. All relevant events occurred in Bexar County, Texas, which is in the jurisdiction of this court.

2. Defendant CITY OF SAN ANTONIO is a governmental entity conducting operations in the State of Texas in the Western District of Texas, San Antonio Division. Defendant may be served by serving the City Attorney Andy Segovia, Office of the City Attorney, 203 S.

St. Mary's Street, 2nd Floor, San Antonio, Texas 78205. However, as required, a request for waiver has been sent to the Defendant.

3. This court has jurisdiction to hear the merits of Plaintiff's claims due to the federal questions raised pursuant to the federal claims listed above. This court further has supplemental jurisdiction as to any remaining related state claims.

4. All the acts alleged herein occurred in San Antonio, Bexar County, Texas, and are within the jurisdiction and district of this court.

## II.   FACTUAL BACKGROUND

5. Plaintiff, a Hispanic female in her early 50's, was hired by Defendant in May 2009 and served as an Information Technology Systems Lead until her termination in May 2018.

6. Ms. Espina was involved in a car wreck in 2019 and since suffers from neck and spine herniated disc trauma. Plaintiff also suffers from a gastrointestinal disorder, which is exacerbated by stress.

7. Her medical issues substantially limit her major life functions of sleeping, eating, and working. Plaintiff previously utilized intermittent medical leave through the Family Medical Leave Act ("FMLA") to accommodate her disabilities.

8. Plaintiff is also the sole caregiver of her adult daughter with Down Syndrome. Prior to 2019, Defendant accommodated Plaintiff by allowing a shift start time of 9:00 am. Plaintiff's daughter attends an adult day program and Plaintiff is responsible for getting her daughter dropped off and checked in. Defendant also accommodated Plaintiff by permitting her to leave on occasion when her daughter experienced an issue at her day program. Plaintiff would complete her work and/or missed work time, after-hours.

9. In September 2019, Plaintiff reported to Defendant two supervisor's discriminatory comments based on race and perception of national origin. The two supervisors were Senior IT Manager, Jeanette Kriewald, and IT Manager, David Sweet.

10. Within weeks of Plaintiff's report of discrimination, Defendant began a pattern and practice of harassment that included extra scrutiny, documentation of Plaintiff's alleged poor work performance, exclusion from team meetings and communications, and written discipline.

11. Also, within weeks of Plaintiff's participation in a protected activity, Kriewald began demanding Plaintiff begin her shift at 8:30 am, instead of 9:00 am. Defendant had no prior issue with Plaintiff beginning her shift at 9:00 am until her report of discrimination.

12. Plaintiff was also replaced from a position on a high-profile information technology project with a younger team member. When stay-at-home COVID-19 orders were issued in March 2020, other team members were permitted to work remotely.

13. Although Plaintiff requested a remote work assignment due to her daughter's immunocompromised status, Kriewald demanded she continue to physically report for duty in the office.

14. On or about March 2020, Plaintiff requested intermittent FMLA to accommodate her mother's severe illness. Plaintiff continued to perform work for Defendant while caring for her mother who required hospice care.

15. On or about April 2020, while on approved FMLA, Kriewald demanded that Plaintiff attend an in-person meeting at the office. During the height of the COVID-19 pandemic, most City employees were working remotely. When Plaintiff asked to meet via

teleconference, Kriewald stated that Plaintiff had better be at the office at 2:30 or "this is insubordination". Kriewald again wrote Plaintiff up.

16. Additionally, in April 2020, Plaintiff's mother passed away. Due to the stress, mental anguish, and emotional distress, Plaintiff's medical issues presented debilitating symptoms. On or about May 4, 2021, Plaintiff requested a short medical leave to accommodate her disabilities.

17. On or about May 18, 2020, Defendant terminated Plaintiff.

18. Plaintiff asserts she was terminated based on age, perception of national origin, and need to take medical leave for her medical conditions, her daughter's disability, and her mother's illness, and because of her opposition to discrimination and retaliation. Plaintiff asserts claims based on discrimination, harassment, and retaliation for violation of the Age Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended, based on age, race, and disability, violations of 28 U.S.C., section 1981, and asserts claims under Section 504 of the Rehabilitation Act and Chapter 21 of the Texas Labor Code based on disability and/ or associational disability related to the care of her daughter and mother.

### III. CAUSES OF ACTION

**A. Discrimination Under Title VII and/ or 42 U.S.C. § 1981**

19. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 23, as if fully restated herein.

20. Defendant's actions, as described herein constitute unlawful discrimination, harassment, and retaliation on the basis of age, race, and/ or perception of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights

Act of 1866, 42 U.S.C. § 1981 by subjecting her to unlawful discriminatory and retaliatory actions described above.

21. Defendant's actions, as described herein constitute unlawful discrimination, harassment, and retaliation on the basis of disability and associational disability in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, as Amended.

22. As a result of Defendant's unlawful, discriminatory actions set forth above, Plaintiff Espina has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which she hereby sues.

23. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to her reputation, and loss of enjoyment of life.  Plaintiff is therefore entitled to compensatory damages.

24. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore entitled to punitive damages, for which she hereby sues.

25. Plaintiff seeks attorneys' fees and costs of suit under the applicable statutes.

**B.  Retaliation Under 42 U.S.C. §§ 1981 and 2000e, et. seq.**

26.  Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 23, as if fully restated herein.

27. Defendant intentionally discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866,

42 U.S.C. § 1981, by subjecting her to the unlawful discriminatory and retaliatory actions described above, including termination after her participation in a protected activity.

28. Defendants retaliated against Plaintiff because of her participation in a protected activity, her opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which she hereby sues.

29. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to her reputation, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages.

30. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages, for which she hereby sues.

31. Plaintiff seeks attorneys' fees and costs of suit under the applicable statutes.

## C.  Claims Arising Under Section 504 of the Rehabilitation Act, U.S.C. Sec. 794, et. seq.

32. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 23, as if fully restated herein.

33. Upon information and belief, Defendant entered into federal contracts and/ or receives or received federal funds or assistance.

34. In the alternative, Plaintiff alleges that based on Plaintiff's association with a disabled individual (Plaintiff's daughter and mother) and her need for related medical leave and accommodations, Defendant discriminated against Plaintiff.  Plaintiff has shown: 1) her qualification for the job; 2) an adverse employment action; 3) the employer's knowledge of the employee's disabled relative; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

35. These acts by the Defendant constitute unlawful discrimination and/or retaliation in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794, et. seq., and entitles Plaintiff to recovery of damages, to include the forfeiture of all monies received by Defendant under all related governmental contracts and/or federal funds or federal assistance received.  It is asserted that Defendant received federal funds or supplements or loans through its own interactions and/ or through government contracts as a supplier, contractor, and/or subcontractor, including the Paycheck Protection Program of 2020.

36. These acts by the Defendant constitute unlawful discrimination and/or retaliation and entitles Plaintiff to recovery of damages.

**D.** **Claims for Discrimination and Retaliation Arising Under the Age Discrimination Employment Act**

37. Alternatively, Plaintiff asserts the action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C., section 623, et. seq.

38. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 23, as if fully restated herein.

39. Defendant intentionally discriminated and retaliated against Plaintiff in violation of the ADEA by subjecting her to the unlawful discriminatory and retaliatory actions described above, including termination after her participation in a protected activity.

40. Defendants retaliated against Plaintiff because of her participation in a protected activity, her opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which she hereby sues.

41. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to her reputation, and loss of enjoyment of life. Plaintiff is, therefore, entitled to compensatory damages.

42. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is, therefore, entitled to punitive damages, for which she hereby sues.

43. Plaintiff seeks reasonable attorneys' fees and costs of suit under the applicable statutes.

## E. Claims Arising Under Chapter 21 of the Texas Labor Code

44. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 23, as if fully restated herein.

45. Defendant intentionally discriminated and retaliated against Plaintiff in violation of the Texas Labor Code by subjecting her to the unlawful discriminatory and retaliatory

actions described above, including termination after her participation in a protected activity.

46. Defendants retaliated against Plaintiff because of her participation in a protected activity, her opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which she hereby sues.

47. Defendant's actions, as described herein constitute unlawful discrimination, harassment, and retaliation on the basis of disability and associational disability in violation of Chapter 21 of the Texas Labor Code.

48. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to her reputation, and loss of enjoyment of life. Plaintiff is, therefore, entitled to compensatory damages.

49. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is, therefore, entitled to punitive damages, for which she hereby sues.

50. Plaintiff seeks reasonable attorneys' fees and costs of suit under the applicable statutes.

### IV. JURY DEMAND

51. Plaintiff requests trial by jury on all claims.

### V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant

as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages,

2. bonuses, salary and benefits (both back pay and front pay), in an amount to be determined;

3. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

4. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the of the applicable statutes and any other applicable claims including reinstatement, if warranted or feasible;

5. Recoverable damages under the section 504 Rehab Act claim;

6. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

7. Costs of suit, including expert's fees and attorney's fees;

8. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

**/s/ Adam Poncio**
**ADAM PONCIO**
**State Bar No. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**State Bar No. 24054488**
**abraun@ponciolaw.com**
**LORNA R. GRIFFIN, Of Counsel**
**State Bar No. 24109947**
**lgriffin@lgriffinlaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**
*ATTORNEYS FOR PLAINTIFF*