IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORMA ESPINA,<br>　　　　*Plaintiff*,<br><br>v.<br><br>CITY OF SAN ANTONIO,<br>　　　　*Defendant*. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:21-CV-1176-JKP-RBF<br>§<br>§<br>§<br>§ |

**DEFENDANT'S FIRST AMENDED PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

The City of San Antonio ("the City"), Defendant in the above-styled and numbered cause, files this its First Amended Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 11) (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in support thereof, respectfully shows as follows:

**I.
PROCEDURAL BACKGROUND**

On November 24, 2021, Plaintiff Norma Espina filed her Original Complaint (Doc. No. 1) alleging unlawful discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (the "Rehabilitation Act"), and Chapter 21 of the Texas Labor Code. Specifically, Plaintiff alleges that unlawful employment actions were taken on the basis of her age, race, perception of national origin, disability and/or associational disability. *See* Plaintiff's Original Complaint (Doc. No. 1) (the "Original Complaint") at Section III. A-E.

On December 23, 2021, Defendant moved to dismiss Plaintiff's Original Complaint pursuant to FED. R. CIV. P. 12(b)(6) (Doc. No. 6). On January 13, 2022, Plaintiff filed an Unopposed Motion for Leave to file Amended Complaint (Doc. No. 10) (the "Motion for Leave") in response to the Motion to Dismiss. The following day, this Court granted Plaintiff's Motion for Leave, mooting Defendant's Motion to Dismiss, and rendering Plaintiff's Amended Complaint the live pleading in this cause.

## II.
## SUMMARY OF ARGUMENT

In sum, the Amended Complaint dropped Plaintiff's Section 1981 and Texas Labor Code claims and added Section 1983 and FMLA claims. Despite Plaintiff's attempt to amend, the Amended Complaint fails to cure many of the pleading deficiencies in the Original Complaint.

First, Plaintiff's claim of discrimination, harassment, and/or retaliation on the basis of perception of national original—which is not a cognizable claim—persists in her Amended Complaint. Second, Plaintiff did not attempt to resolve the material deficiencies in her Rehabilitation Act claim identified in the Motion to Dismiss. Third, Plaintiff fails to plead factual allegations in support of her ADEA claim for alleged age-based discrimination, harassment, and/or retaliation. Consequently, these claims should be dismissed with prejudice and without leave to amend further.

## III.
## ARGUMENT AND AUTHORITIES

Rule 12(b)(6) provides a mechanism for early challenges to a plaintiff's right to recover on a particular set of facts or by a particular cause of action. FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in

concert with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–68 (2009).

To survive a motion to dismiss, plaintiffs must provide the grounds of entitlement to relief, which "requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Katy*, 577 F. 3d 600, 603 (5th Cir. 2009). Under *Iqbal*, the "plausibility standard is not akin to a 'probability requirement,'" but it requires more than a showing of "a sheer possibility that a defendant has acted unlawfully[.]" *Iqbal*, 556 U.S. at 678.

While Rule 8(a)(2) requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief," the facts pleaded to provide the requisite notice to a defendant "must nudge[] [a plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680. Thus, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.*

A.   **Plaintiff Has No Cognizable Claim for Discrimination, Harassment, or Retaliation on the Basis of *Perception* of National Origin.**

Throughout her Amended Complaint, Plaintiff contends she was subject to "unlawful discrimination, harassment, and retaliation on the basis of age, race, and/or ***perception*** of national origin." (Doc. No. 11 ¶¶ 9, 18, 21, 29, and 41) (emphasis added). A threshold requirement in employment discrimination cases is that a plaintiff be a member of a protected class. *E.g.*, *Haskins v. Nicholson*, 548 F. App'x 960, 963 (5th Cir. 2013) (discussing plaintiff's burden in Title VII cases and instructing that "plaintiff must show that he is a member of a protected class . . . " (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)); *Eure v. Sage Corp.*, 61 F. Supp. 3d 651, 660 (W.D. Tex. 2014) ("The 'ultimate question' in every Title VII case is whether the plaintiff has proven that the defendant intentionally discriminated against her because of a protected characteristic." (citations omitted)).

There is no cause of action under Title VII for "perception" of national origin discrimination. Plaintiff must plead and prove that she was discriminated against because of her national origin, not because she was "perceived" as such. Plaintiff cannot make a prima facie case of discrimination, much less satisfy her ultimate burden of proof to show pretext based upon national origin. *Id.* While Plaintiff pleads that she is "a Hispanic female," (Doc. No. 11 ¶ 5), she does not allege that she was discriminated against because she was Hispanic. Rather, she claims such treatment on was on the basis of "the supervisors' perception of her national origin." (Doc. No. 11 ¶ 9).

Even more fundamentally, "Title VII prohibits an employer from intentionally discriminating against any employee based on the employee's race or national origin." *Ramirez v. Gonzales*, 225 F. App'x 203, 206 (5th Cir. 2007) (citing 42 U.S.C. § 2000e-2(a)(1)). As a

result, Plaintiff's claims discrimination, harassment, and retaliation on the basis of perception of national origin should be dismissed.

B.     **Plaintiff Has Failed to State a Claim For Associational Disability Discrimination For Which Relief May Be Granted Under the Rehabilitation Act.**

Plaintiff also advances a claim in the alternative under the Rehabilitation Act. (Doc. No. 11 ¶ 35). While not entirely clear, based upon a fair reading of the Complaint, the claim is one of associational disability discrimination. (*Compare* Doc. No. 11 ¶ 19 *with* ¶ 35).¶

"To the extent that the Rehabilitation Act allows claims of associational discrimination (claims alleging discrimination by reason of an individual's association with a disabled person), such a claim requires a showing that **the adverse actions were solely caused** by an association with a disabled person." *Franklin v. Union Pac. R.R. Co.*, No. SA-17-cv-00020-OLG, 2018 U.S. Dist. LEXIS 232722, at *27-28 (W.D. Tex. May 15, 2018) (emphasis added) (citing *Morran v. Nevada Sys. of Higher Educ.*, 482 F. Supp. 2d 1202, 1209 n.5 (D. Nev. 2007)).

> To present a prima facie case of associational discrimination, a plaintiff must show (1) his qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

*Id.* (citing *Grimes v. Wal-Mart Stores Texas, L.L.C.*, 505 Fed. Appx. 376, 380 (5th Cir. 2013)).

"While [Plaintiff] need not plead a prima facie case [of a violation of the Rehabilitation Act], she must provide grounds demonstrating an entitlement to relief that are more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.' She must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (quoting 29 U.S.C. § 794(d); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997)).

In support of her Rehabilitation Act claim, Plaintiff contends that "based on Plaintiff's association with a disabled individual (Plaintiff's daughter and mother) . . . Defendant discriminated against Plaintiff." (Doc. No. 11 ¶ 35). In a textbook "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, Plaintiff pleads: "Plaintiff has shown: 1) her qualification for the job; 2) an adverse employment action; 3) the employer's knowledge of the disabled relative; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action." (Doc. No. 11 ¶ 35).

Plaintiff has not shown—other than by conclusory recitation of the elements—her qualification for her job. Plaintiff also nowhere alleges that she was terminated **solely** because of her association with any disabled person nor do the facts alleged raise a reasonable inference that a relative's disability was the sole determining factor in her termination. Plaintiff merely contends that after she reported discrimination, her schedule (which she alleges was accommodated to care for her daughter) was changed by thirty minutes. (Doc. No. 11 ¶ 11). Plaintiff further states that she was denied a remote work assignment due to her daughter's immunocompromised status (Doc. No. 11 ¶ 13), and that she took medical leave to cope with her mother's passing. (Doc. No. 11 ¶ 16).

Rather, Plaintiff recites the elements of the cause of action without providing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The factual allegations do not "raise a right to relief above the speculative level[,]" *Twombly*, 550 U.S. at 555, and, instead, merely offer "a sheer possibility that a defendant has acted unlawfully[.]" *Iqbal*, 556 U.S. at 678. Plaintiff has not shown that her association with a disabled relative was a determining factor in the

termination of her employment—let alone that "**the adverse actions were solely caused** by an association with a disabled person." *See Franklin*, 2018 U.S. Dist. LEXIS 232722, at *27-28. As such, Plaintiff has failed to state a claim for which relief may be granted under the Rehabilitation Act.

**C.     Plaintiff Pleads No Factual Basis For Her Age Claims and Fails to Provide Fair Notice of Her Basis for Such Claims.**

The Amended Complaint alleges, again in the alternative, discrimination and harassment in violation of the ADEA. (Doc. No. 11 ¶¶ 38–44). Similarly, the Amended Complaint asserts discrimination on the basis of age in violation of Title VII and Section 1983. (Doc. No. 11 ¶ 21). In support thereof, Plaintiff claims that she was "subject[ed] to unlawful discrimination and retaliatory actions . . . including termination after her participation in a protected activity." (Doc. No. 11 ¶ 40). Throughout the Amended Complaint, Plaintiff refers to discrimination on the basis of her race and perception of national origin and pleads that she opposed such discrimination. (*E.g.*, Doc. No. 11 ¶¶ 9; 29; 41). Likewise, Plaintiff characterizes her purported protected activity as "her opposition to race and perceptional of national origin discrimination." (Doc. No. 11 ¶ 41). Aside from stating that Plaintiff is "in her early 50's," (Doc. No. 11 ¶ 5), the Amended Complaint is silent as to Plaintiff's exact age and any alleged impact her age had on her employment.

Much like her Rehabilitation Act claim, the Amended Complaint fails to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), with respect to Plaintiff's age claim(s). While Rule 8(a)(2) requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief," the facts pled to provide the requisite notice to a defendant "must nudge[] [a plaintiff's] claims across the line from conceivable to

plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680. Plaintiff offers no factual allegations in the entire Amended Complaint to support a claim of age-based discrimination, harassment, or retaliation. As such, the Amended Complaint does not provide Defendant the requisite notice as to Plaintiff's factual basis or legal theory in support of her age claims under the ADEA, Title VII, or Section 1983. Consequently, Plaintiff's age clam(s) should be dismissed for failure to satisfy the requisite pleading standard and provide fair notice.

**D.   Providing Leave to Amend Further Would Be Futile.**

Though Courts readily give a plaintiff the chance to amend a deficient complaint before dismissing it with prejudice, dismissal with prejudice is appropriate when any chance given to cure the deficiencies would be futile. *Soto v. Echosphere L.L.C.*, No. EP-09-CV-229-DB, 2010 U.S. Dist. LEXIS 149906, at *2 (W.D. Tex. July 15, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("A court has the discretion, however, to deny leave when the amendments to the pleading are futile."); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Plaintiff's Amended Complaint, was intended to cure the deficiencies in the Original Complaint that were outlined for Plaintiff in Defendant's original Motion to Dismiss. The Amended Complaint is as patently deficient as her Original Complaint with respect to Plaintiff's claims of discrimination, harassment, or retaliation on the basis of age and perception of national origin and associational disability discrimination. Despite responding to Defendant's Motion to

Dismiss and voluntarily amending her Original Complaint, material deficiencies persist. As such, providing further leave to amend would be futile.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's claims of discrimination, harassment, and retaliation on the basis of perception of national origin and age under Title VII, Section 1983, and the ADEA, and Plaintiff's claim of associational disability under the Rehabilitation Act, be dismissed with prejudice for failure to state a claim on which relief may be granted, that Defendant recover its costs and fees as a prevailing party, and for such other relief, at law or in equity, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/ Donna K. McElroy
**Donna K. McElroy**
Texas State Bar No. 13582050
Email: dmcelroy@dykema.com
**Katherine A. Zampas**
Texas State Bar No. 24104456
Email: kzampas@dykema.com
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**ATTORNEYS FOR DEFENDANT,
CITY OF SAN ANTONIO**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Adam Poncio**
Texas State Bar No. 16109800
Email:  salaw@msn.com
**Alan Braun**
Texas State Bar No. 24054488
Email:  abraun@ponciolaw.com
**Lorna R. Griffin (Of Counsel)**
Texas State Bar No. 24109947
Email:  lgriffin@lgriffinlaw.com
**PONCIO LAW OFFICES, P.C.**
5410 Fredericksburg Road, Suite 109
San Antonio, Texas  78229-3550
Telephone:  (210) 212-7979
Facsimile:  (210) 212-5880

                  By:  /s/ Donna K. McElroy
                     Donna K. McElroy