UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NORMA ESPINA,**

   *Plaintiff*,

v.                                                         Case No. SA-21-CV-01176-JKP

**CITY OF SAN ANTONIO,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant the City of San Antonio's Amended Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and all responsive filings. *ECF Nos. 12,13,14*. After due consideration, the Court will **DENY in part and GRANT in part** the Partial Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Norma Espina filed a Complaint against her former employer, the City of San Antonio, alleging she was discriminated against based on her race, national origin, age, and disability, and as a result of her daughter's and deceased mother's disabilities. Espina alleges the City engaged in a series of discriminatory acts and retaliation, eventually culminating in her termination. Specifically, in September 2019, Espina reported two supervisors made discriminatory comments based on her race and the supervisors' perception of her national origin. Espina contends that after she made her report, the City engaged in a series of retaliatory acts. Specifically, one of the supervisors who was the subject of Espina's report moved her start time up to 8:30 a.m., knowing that Espina could not arrive before 9:00 a.m. because she had to

take her adult daughter with Down Syndrome to adult day care before work. Espina further alleges she was replaced from a position on a high-profile information technology project with a younger team member. Then, in March 2020, when stay-at-home COVID-19 orders were issued, Espina requested permission to work remotely due to her daughter's immunocompromised status. The City denied her request, even though many of Espina's team members were permitted to work remotely. Around that same time, Espina requested intermittent family leave to care for her mother who was in hospice care. During her leave, her City supervisor scheduled a mandatory in-person meeting which Espina was unable to attend. As a result, Espina's supervisor issued a written discipline. Following her mother's death, Espina struggled with stress, mental anguish, and emotional distress and requested medical leave to recover. A couple of weeks later, in May 2020, the City terminated Espina.[1]

The City filed its first Motion to Dismiss. *ECF No. 3*. Espina requested the opportunity to amend her Complaint, which the Court granted. *ECF Nos. 9, 10*. In her First Amended Complaint, Espina asserts causes of action for (1) discrimination, harassment, and retaliation on the basis of age, race, and/or perception of national origin in violation of Title VII and 42 U.S.C. § 1983; (2) retaliation in violation of 42 U.S.C. §§ 1983 and 2000e; (3) "unlawful discrimination and/or retaliation" in violation of 504 of the Rehabilitation Act and for associational discrimination in violation of the Rehabilitation Act; (4) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); and (5) violation of the Family Medical Leave Act (FMLA). *ECF No. 11*.

The City filed this Partial Motion to Dismiss, arguing Espina's Amended Complaint fails to allege sufficient facts to support several of her asserted causes of action of age discrimination

---

[1] Espina's Complaint lists different dates for her termination; however, based on the timeline provided, it appears May 2020 is most likely the correct timeframe. *See ECF No. 11, p. 2, para. 5; p. 4, para. 17. See also p. 4, para. 16.*

under the ADEA, Title VII, and § 1983, associational discrimination in violation of the Rehabilitation Act, and Espina cannot assert a cause of action for discrimination, harassment, or retaliation under Title VII based upon perception of her national origin.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a Federal Rule 12(b)(6) motion, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity to the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561, F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

### (1) Title VII-Perception of National Origin

In her Amended Complaint, Espina asserts a cause of action for violation of Title VII, alleging the City subjected her to "unlawful discrimination, harassment, and retaliation on the basis of age, race, and/or perception of national origin." The City seeks partial dismissal of Espina's Title VII cause of action, asserting there is no cause of action under Title VII for discrimination based upon perception of an employee's national origin. Because no cause of action exists, the City contends the cause of action must be dismissed as a matter of law.

Specific to her cause of action asserting discrimination in violation of Title VII based upon her supervisors' perception of her national origin, Espina alleges she is an Hispanic female, and she reported to the City that two supervisors made discriminatory comments based upon her race and the supervisors' perception of her national origin. Espina does not specifically articulate or describe the statements she alleges the supervisors made that serve as the basis for this cause of action.

Title VII prohibits discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims of discrimination based on mistaken perception of national origin are actionable under Title VII. *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 401–02 (5th Cir. 2007); *see also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1299 (11th Cir. 2012); *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 571-72 (3d Cir. 2002). Consequently, a plaintiff may assert a discrimination cause of action based on discriminatory acts or statements that do not identify the plaintiff's actual country of origin or that demonstrate a mistaken belief regarding the plaintiff's race or national origin. *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d at 401–02. Importantly, the EEOC's guidelines on

discrimination define "discrimination based on national origin" broadly to include acts of discrimination undertaken "because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1. The EEOC guidelines do not specifically require that the alleged discrimination be based on the plaintiff's actual national origin or require the plaintiff show the alleged discriminator knew the particular national origin group to which she belonged. *Id.*; *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d at 401-02. The plaintiff need only assert and show she was treated differently because of her foreign accent, appearance, or physical characteristics. *Id.*; *see also* Guidelines on Discrimination Because of National Origin, 45 Fed.Reg. 85,632, 85,633 (Dec. 29, 1980).

Although Espina does not describe any statements or actions made to support her cause of action for discrimination based upon perception of her national origin, this omission is not fatal in this Partial Motion to Dismiss. The City contends only that dismissal is proper because no such cause of action exists; however, a cause of action based upon perception of national origin does exist. *See E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d at 401–02. Consequently, this sole argument must fail, and the City's Partial Motion to Dismiss Espina's Title VII cause of action based upon perception of national origin must be denied.

**(2) Rehabilitation Act**

The City argues Espina's cause of action asserting association discrimination in violation of Section 504 of the Rehabilitation Act is not a cognizable cause of action in the Fifth Circuit. The City contends that even if the Court were to address Espina's association discrimination claim, she fails to state a plausible claim because she fails to allege anything more than a conclusory recitation of the elements of the cause of action.

6

In her Amended Complaint, Espina asserts an alternative cause of action for violation of Section 504 of the Rehabilitation Act, alleging the City discriminated against her based on her association with disabled individuals, specifically Espina's daughter and mother, and the consequent need for Espina to take medical leave to provide care. Espina alleges the City receives federal funds under federal contracts, she was qualified for her job, the City terminated her employment, and her supervisors knew she was the sole caregiver of her adult daughter who has Down Syndrome, which required accommodation that she start work at 9 a.m. instead of 8:30 a.m. In addition, Espina alleges her supervisors knew Espina cared for her mother while her mother was in hospice care, which required that Espina take intermittent leave under the Family Medical Leave Act (FMLA). Finally, Espina alleges the City terminated her employment under circumstances raising a reasonable inference that her daughter's and mother's conditions requiring her care was a determining factor in its decision.

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794. Section 504 applies in the employment context, prohibiting discrimination against disabled, but otherwise qualified, individuals. *See Chandler v. City of Dallas,* 2 F.3d 1385, 1390 (5th Cir. 1993), holding modified by *Kapche v. City of San Antonio*, 304 F.3d 493 (5th Cir. 2002). The Rehabilitation Act defines "disability" in substantially the same terms as the ADA defines a "disability." *See* 29 U.S.C. § 706(8)(B)(1998); 42 U.S.C. § 12102(2)(A)-(C)(1997).

To qualify for relief under Section 504 in the employment context, a plaintiff must prove: (1) she was an individual with a disability; (2) she was otherwise qualified; (3) she worked for a program or activity that received federal financial assistance; and (4) she was adversely treated solely because of her disability. *Chandler,* 2 F.3d at 1390; *Kapche,* 176 F.3d at 844 n.27. A prima facie case of discrimination under the Rehabilitation Act is operationally identical to the test under the Americans with Disabilities Act (ADA), which requires a plaintiff to allege and ultimately prove: (1) she is a qualified individual within the meaning of the ADA; (2) she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination is by reason of her disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-726 (5th Cir. 2004). The only additional requirement for a Rehabilitation Act cause of action is the alleged discrimination must be solely by reason of the disability, instead of just a motivating factor as is required by the ADA. *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008); *Cook v. Stephen F. Austin Univ.*, No. 9:19-CV-201-RC-ZJH, 2020 WL 6553963, at *4 (E.D. Tex. Oct. 21, 2020), report and recommendation adopted, No. 9:19-CV-201-RC-ZJH, 2020 WL 6545073 (E.D. Tex. Nov. 6, 2020).

Limited to this cause of action, Espina does not directly invoke ADA protection, rather, with regard to the first prong of the prima facie elements of this Rehabilitation Act cause of action, Espina relies on the ADA's association discrimination provision, which prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4) (the association discrimination provision).

8

Espina extends this concept of association discrimination proscribed under the ADA to her Rehabilitation Act claim.

Historically, many courts in the Fifth Circuit acknowledge the Fifth Circuit has not "explicitly recognized" a cause of action for association discrimination under the ADA. *Grimes v. Wal–Mart Stores Tex., L.L.C.,* 505 Fed. App'x. 376, 380 n. 1 (5th Cir. 2013)(per curiam). However, some of these courts nevertheless addressed the association-discrimination claim because it is acknowledged and allowed by the terms of the ADA, Section 12112(b)(4). "Indeed '[t]he legislative history of section 12112(b)(4) of the ADA makes clear that the provision was intended to protect qualified individuals from adverse job actions based on 'unfounded stereotypes and assumptions' arising from the employees' relationships with particular disabled persons." *Ballard v. Jackson State Univ.,* 62 F. Supp. 3d 549, 553 (S.D. Miss. 2014) (quoting *Oliveras–Sifre v. P.R. Dep't of Health,* 214 F.3d 23, 26 (1st Cir. 2000)) (citing *Den Hartog v. Wasatch Acad.,* 129 F.3d 1076, 1082–83 (10th Cir. 1997)) (examining H.R.Rep. No. 101–485, pt. 2, at 61–62 (1990) and H.R. Rep. No. 101–485, pt. 3, at 38–39 (1990)).

However, recently the Fifth Circuit provided guidance on its' recognition of the scope of an association discrimination cause of action. *See Besser v. Tex. Gen. Land Office*, 834 Fed. Appx. 876, 886–87 (5th Cir. 2020). The *Besser* court began with the four-part test required of a plaintiff to establish a prima facie case of disability discrimination in violation of the ADA association provision: (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by her employer at the time to have a relative or associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

9

*Besser*, 2020 WL 6476707, at *7; *see also Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 795 (S.D. Tex. 2004). The Court focused on element (4), which limits the cause of action to a showing that "the disability of the relative or associate was a determining factor in the employer's decision." *Besser*, 2020 WL 6476707, at *7. Following the Third Circuit, the *Besser* court noted, "there is a material distinction between firing an employee because of a relative's disability and firing an employee because of the need to take time off to care for the relative." *Id*. (quoting *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 510 (3rd Cir. 2009). The Court held the ADA association discrimination cause of action is limited to direct discrimination based upon a relative's disability, but does not extend to entitlement to a modified work schedule as an accommodation to enable the employee to care for a family member with a disability. *Id*. Consequently, the *Besser* court held the ADA does not require employers to accommodate non-disabled workers by modifying their work schedule or allowing them to miss work to care for a disabled relative. *See Besser*, 2020 WL 6476707, at *7 (citing 29 C.F.R. Pt. 1630, App § 1630.8). Following this reasoning, the ADA association discrimination provision does not provide a cognizable cause of action to protect a non-disabled employee from employment action resulting from the employee's need to provide care to a disabled relative. *Besser*, 2020 WL 6476707, at *7-*8; *see* 42 U.S.C. § 12112(b)(4).

Accepting Espina's allegations in her Amended Complaint as true, Espina complained of her supervisors' criticism of her use of leave to care for her daughter and mother. Espina "asserts she was terminated based on age, perception of national origin, and need to take medical leave for her medical conditions, her daughter's disability, and her mother's illness, and because of her opposition to discrimination and retaliation." Espina asserts "claims under the Rehabilitation Act, and Family Medical Leave Act based on disability and/or associational disability related to

10

the care of her daughter and mother." Espina does not allege any discriminatory comments or actions or animus or discriminatory intent for her termination based upon her daughter's established disability of Down Syndrome or based upon her mother's specific illness.

Even accepting as true Espina's allegations that she was fired because she requested and used FMLA leave to care for her daughter and mother, such actions are not prohibited under the ADA, and thereby, as extended by Espina, are not actionable under the Rehabilitation Act. Under *Besser*, the ADA does not require employers to accommodate non-disabled workers by modifying their work schedule or allowing them to miss work to care for a disabled relative. *See Besser*, 2020 WL 6476707, at *7-*8. For this reason, as a matter of law, Espina cannot satisfy the first and third elements of a cause of action under the Rehabilitation Act based upon association discrimination: she is a qualified individual within the meaning of the ADA, and the alleged discrimination is by reason of her association with an individual with a disability.

Similarly, in *Balachandran v. Valvtechnologies, Inc.*, a District Court followed *Besser* and held "[t]he ADA does not require employers to accommodate a non-disabled worker who chooses to take leave from work in order to care for a disabled relative." *Balachandran v. Valvtechnologies, Inc.*, No. 4:20-CV-1078, 2021 WL 3639806, at *2 (S.D. Tex. July 30, 2021)(citing 29 C.F.R. § 1630.8 (2019). The *Balachandran* Court determined the plaintiff's association discrimination claim is not a valid ADA claim, and thereby granted summary judgment, finding, "[a]ssuming that the defendant fired the plaintiff solely for the reason that he took leave to help his disabled mother, that adverse action is not protected under the ADA." *Id*. (citing *Besser*, 834 F. App'x at 887).

Therefore, accepting Espina's supporting factual allegations as true, the City's Partial Motion to Dismiss Espina's cause of action for violation of the Rehabilitation Act based upon the theory of association discrimination must be granted as a matter of law.

### (3) Age Discrimination

The City seeks dismissal of Espina's Title VII, Section 1983, and ADEA causes of action based upon discrimination of her age.

In her Amended Complaint, Espina alleges the City subjected her to age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), Title VII and Section 1983. Espina asserts in her supporting factual background that she was "in her early 50's" at the time of the alleged discriminatory actions and she was "replaced from a position on a high-profile information technology project with a younger team member." Specific to this cause of action, Espina alleges the City subjected her to "the unlawful discriminatory and retaliatory actions described above, including termination after her participation in a protected activity." Espina alleges the City retaliated against her because of her participation in a protected activity, her opposition to race and perception of national origin discrimination."

#### A. Age Discrimination in Employment Act (ADEA)

Under the relevant ADEA provision pertaining to the local government sector, "[i]t shall be unlawful for an employer to fail or refuse to hire ... any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the context of a Federal Rule 12(b)(6) Motion to Dismiss, a plaintiff need not plead a prima facie case to state a plausible claim of age discrimination; however, the prima facie elements provide useful guideposts to analyze the sufficiency of the supporting factual allegations. *See Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506 (2002); *Norris v. Acadiana Concern for Aids Relief Educ. & Support*, 421 F. Supp. 3d 399, 407 (W.D. La. 2019).

The prima facie elements of a claim under the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013). The protected class includes individuals who are at least forty years old. *See* 29 U.S.C. §§ 631(a), 633a(a). "Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). While a "loss of some job responsibilities does not constitute an adverse employment action," in certain cases, "a change in or loss of job responsibilities ... may be so significant and material that it rises to the level of an adverse employment action," *Welsh v. Fort Bend Indep. Sch. Dist.,* 941 F.3d 818, 824 (5th Cir. 2019)(quoting *Williams v. U.S. Dep't of Navy*, 149 F. App'x 264, 269–70 (5th Cir. 2005) and *Thompson v. City of Waco, Tx.*, 764 F.3d 500, 504 (5th Cir. 2014)).

"Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 313 (1996); *Leal*, 731 F.3d at 411. With regard to the fourth element of the prima facie case, an employee who alleges discharge or demotion because of age must show either: 1) replacement

13

by someone outside the protected class or significantly younger than the employee, or 2) discharge because of age. *Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). An employee who relies on the second ground must show that the "employer intended to discriminate in reaching the decision at issue." *Palasota*, 342 F.3d at 576; *Caldwell v. Enter. Products Co.*, No. CV H-15-3463, 2016 WL 3166866, at *2–5 (S.D. Tex. June 7, 2016).

In *Flores v. Select Energy Services,* the Fifth Circuit found the plaintiff's only factual allegation that "some younger employees were not fired after vehicular accidents, unlike him" was sufficiently plausible to support a claim of age discrimination under the ADEA to survive a Federal Rule 12(b)(6) Motion to Dismiss. *Flores v. Select Energy Services,* 486 Fed. App'x. 429, 432-33 (5th Cir. 2012) (per curiam)(unpublished). Similarly, in *Leal*, the Fifth Circuit overruled the District Court's Federal Rule 12(b)(6) dismissal, finding sufficient the plaintiffs' allegation that their employer had two openings for engineers for which both were qualified, and they were not selected for the positions because their employer preferred a younger candidate. *Leal*, 731 F.3d 405 (5th Cir. 2013); *see also Leal v. McHugh*, No. CIV.A. C-11-249, 2011 WL 6372820, at *1 (S.D. Tex. Dec. 20, 2011)(setting forth the factual allegations). In so holding, the Fifth Circuit found that while the Complaint contained few facts, the plaintiffs' bare allegations were sufficient to imply they were within the protected class under the ADEA, were qualified for the two newly-created positions, and a substantially younger employee was selected instead. *Leal*, 731 F.3d at 413. The *Leal* court stated, "these admittedly bare allegations sufficiently state a plausible claim for age discrimination to survive a motion to dismiss," quoting *Twombly* for the proposition that a cause of action may proceed even if "actual proof of those facts is improbable," and "recovery is very remote and unlikely.'" *Leal*, 731 F.3d at 413.

Following this guidance, in the interest of caution, this Court concludes Espina alleged enough to state a plausible claim that she was subject to age discrimination in violation of the ADEA. While the facts asserted are scant, Espina did vaguely allege she is within the protected class because she is "in her early 50's" and she was "replaced on a high-profile information technology project with a younger team member." While the allegation of age discrimination is close to speculative, only discovery may reveal whether Espina suffered a change in or loss of job responsibilities so significant and material that it rises to the level of an adverse employment action and whether animus toward her age served as a factor in her removal from the project. *See Welsh*, 941 F.3d at 824.

These scarce allegations in Espina's Amended Complaint are at least sufficient to allow this cause of action to proceed at this stage of the litigation. In making this ruling, the Court notes only that further assessment of this ADEA claim is fact-intensive and better suited for the summary-judgment stage. *See id.; Leal*, 731 F.3d at 414; *see also Thompson*, 764 F.3d at 506. Consequently, the City's Motion to Dismiss Espina's ADEA cause of action shall be denied.

### B. Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Similar to the prima facie elements of an ADEA cause of action, to establish a prima facie case of age discrimination under Title VII, a plaintiff must prove: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, her employer replaced her with a person who is not a member of the protected class. *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995); *Vaughn v. Edel,* 918 F.2d 517, 521 (5th

Cir. 1990). By its terms, age is not a protected class under Title VII. Therefore, Title VII does not provide a cause of action for age discrimination. *Cornell v. Principi,* Civ. A. No. H–04–2386, 2006 WL 1007528, at *3 n. 4 (S.D.Tex. Apr.13, 2006); *Jefferson v. Hosp. Partners of Am., Inc.,* No. CIV.A. H-08-1535, 2009 WL 8758090, at *6 (S.D. Tex. May 18, 2009), aff'd sub nom. *Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. Appx. 485 (5th Cir. 2010).

Construing the First Amended Complaint in the light most favorable to Espina, she cannot establish a cause of action for violation of Title VII based upon age discrimination as a matter of law. In addition, Espina alleges she was only replaced on a "high-profile" project; she does not allege she was discharged. For these reasons, Espina cannot assert a cause of action for age discrimination under Title VII as a matter of law. This cause of action for age discrimination in violation of Title VII shall be dismissed.

### C.  42 U.S.C. § 1983

Espina asserts generally a cause of action for age discrimination in violation of 42 U.S.C. § 1983.

To state a civil rights claim under § 1983, a plaintiff must allege a person, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates. Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (quoting *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). Substantive rights secured by the ADEA may not, however, be used as the basis for a § 1983 suit. *Lafleur v. Tex. Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997); *Jackson v. St. Charles Par. Hous. Auth. Bd. of Commissioners*, 441 F. Supp.

3d 341, 355-56 (E.D. La. 2020). "[W]here a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA." *Lafleur v. Tex. Dep't of Health*, 126 F.3d at 760.

Espina fails to identify any constitutional or statutory provision independent of the ADEA and fails to allege any independent facts to support a 1983 claim independent of those supporting her ADEA claim. Accordingly, to the extent Espina attempts to assert a cause of action for age discrimination in violation of § 1983, this cause fails as a matter of law, and therefore, must be dismissed.

## LEAVE TO AMEND

Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, Federal Rule 15(a) favors granting leave to amend unless a substantial reason exists, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Consequently, though Courts readily provide the opportunity to amend a deficient complaint before dismissing it with prejudice, such is appropriate when the plaintiff was previously provided ample opportunity to cure the deficiencies. *Foman*, 371 U.S. at 182; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

This Court provided Espina an opportunity to amend her Complaint following a previously filed Motion to Dismiss pursuant to Federal Rule 12(b)(6). This Court provided Espina specific instruction to cure specific deficiencies. Based upon this previous opportunity to

amend her Complaint, Espina has been given ample opportunity to plead her plausible causes of action in satisfaction of Federal Rule 15(a). *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). Further, the causes of action dismissed are not cognizable as a matter of law, and therefore, any allowance to amend would be futile. Consequently, this Court will not allow Espina the opportunity to amend her Complaint a second time.

## CONCLUSION

For the reasons stated, the Court **GRANTS in part and DENIES in part** the City's Partial Motion to Dismiss pursuant to Federal Rule 12(b)(6). Accordingly, the following causes of action are dismissed: age discrimination in violation of Title VII and 42 U.S.C. 1983 and association discrimination in violation of the Rehabilitation Act. The following causes of action remain: (1) discrimination, harassment, and retaliation on the basis of race and/or perception of national origin in violation of Title VII and 42 U.S.C. § 1983; (2) retaliation in violation of 42 U.S.C. §§ 1983 and 2000e; (3) unlawful discrimination and/or retaliation in violation of Section 504 of the Rehabilitation Act; (4) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); and (5) violation of the Family Medical Leave Act (FMLA).

It is so ORDERED.
SIGNED this 15th day of August, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE